IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ATTIYA MALIK,                                    )
396 XX DHA                                       )
Lahore, Pakistan                                 )
                                                 )
       Plaintiff,                         )
v.                                               )   Case No.
                                                 )
U.S. DEPARTMENT OF HOMELAND                      )
SECURITY                                         )
2707 MLK JR Ave SE                               )
Washington, D.C. 20528,                          )
                                                 )
U.S. CUSTOMS AND BORDER                          )
PROTECTION                                       )
1300 Pennsylvania Avenue                         )
Washington, D.C. 20229,                          )
                                                 )
FEDERAL BUREAU OF                                )
INVESTIGATION                                    )
935 Pennsylvania Avenue, NW                      )
Washington, D.C. 20535,                          )
                                                 )
U.S. DEPARTMENT OF JUSTICE                       )
950 Pennsylvania Avenue NW                       )
Washington, DC 20530,                            )
                                                 )
ALEJANDRO MAYORKAS, Secretary                    )
of U.S. Department of Homeland Security          )
2707 MLK JR Ave SE                               )
Washington, D.C. 20528,                          )
                                                 )
TROY MILLER, Acting Commissioner of              )
U.S. Customs and Border Protection,              )
1300 Pennsylvania Avenue                         )
Washington, D.C. 20229,                          )
                                                 )
CHRISTOPHER WRAY, Director,                      )
Federal Bureau of Investigation                  )
935 Pennsylvania Avenue, NW                      )
Washington, D.C. 20535,                          )

| | )  |
|---|---|
| AND | ) |
| | ) |
| MERRICK GARLAND, U.S. Attorney | ) |
| General, | ) |
| 950 Pennsylvania Avenue NW | ) |
| Washington, DC 20530, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORIGINAL VERIFIED COMPLAINT FOR PRELIMINARY INJUNCTION, PERMANENT INJUNCTION, & DECLARATORY JUDGMENT

ATTIYA MALIK ("Plaintiff" or "Mrs. Malik"), by and through undersigned counsel, respectfully files this Original Verified Complaint against U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS"); U.S. CUSTOMS AND BORDER PROTECTION ("CBP"); FEDERAL BUREAU OF INVESTIGATION ("FBI"); U.S. DEPARTMENT OF JUSTICE ("DOJ"); ALEJANDRO MAYORKAS, Secretary of U.S. Department of Homeland Security, ("MAYORKAS"); TROY MILLER, Acting Commissioner of U.S. Customs and Border Protection, ("MILLER"); CHRISTOPHER WRAY, Director, Federal Bureau of Investigation, ("WRAY"); and MERRICK GARLAND, U.S. Attorney General, ("GARLAND"); (collectively, "Defendants") and shows the Court as follows:

## INTRODUCTION

1.      Mrs. Malik seeks relief that primarily includes the expungement of her confidential information that was unlawfully and warrantlessly obtained from her attorney and forensically examined, all in violation of federal law and the Fourth Amendment to the United States Constitution. She is a United States person who

2

was targeted in violation of the Foreign Intelligence Surveillance Act of 1978, 50 U.S.C. §§ 1801 et seq. The warrantless seizure of her confidential information violated federal statutes, e.g., the Stored Communications Act of 1986, 18 U.S.C. §§ 2701-2712. The continued maintenance of her confidential information is a continuing violation of the Fourth Amendment of the United States Constitution and continues to cause her irreparable injury.

2.     CBP employees and at least one United States Senator has accused the agency, including its Counter Network Division ("CND") and the Tactical Terrorism Response Team ("TTRT"), of violating the civil rights of Americans.  For example,

2.1     In 2021, CBP recommended criminal prosecution of some of its employees who were involved in Operation Whistle Pig, a CBP program to "investigate the travel and financial records and personal connections of journalists, members of Congress and other Americans not suspected of any crime."[1] Defendants investigated as many as 20 national security reporters. Federal prosecutors declined prosecution, citing, among other reasons, the lack of policies and procedures governing their work.[2]

2.2     CBP again overreached into the privacy of U.S. persons by misusing customs summons authority to obtain financial records of Americans. Defendants sent the improperly obtained data to a private, non-profit company called the Transaction Record Analysis Center (TRAC) for

---

[1] See Jana Winter, Operation Whistle Pig: Inside the Secret CBP Unit with No Rules that Investigates Americans, Yahoo News (Dec. 11, 2021), https://perma.cc/44JA-MF7U
[2] Id.

databasing to make available to federal and local law enforcement agencies. CBP had reason to know that its actions violated federal law.[3]  Nevertheless, the agency stopped the unlawful surveillance only when Congress became aware of its actions.[4]

2.3    On April 5, 2022, the DHS Office for Civil Rights and Civil Liberties announced its intent to investigate the TTRT because of "complaints involving the activity of the TTRT alleging that CBP OFO [Office of Field Operations] has violated the civil rights or civil liberties of certain travelers subjected to repeated secondary inspections and unwarranted scrutiny."[5]

2.4    On September 15, 2022, Senator Wyden disclosed that thousands of Americans' phones are searched at the border every year, their contents are downloaded into a central database, where information is held for 15 years and can be accessed by roughly 2,700 Department of Homeland Security employees.[6]

---

[3] Letter of Sen. Ron Wyden to DHS Inspector General (March 8, 2022), https://www.wyden.senate.gov/imo/media/doc/DHS%20IG%20ICE_HSI%20data%20complaint%20final.pd,

[4] Id.

[5] Memorandum of Dana Salvano-Dunn, Director, Compliance Branch Office for Civil Rights and Civil Liberties, to Chris Magnus, Commissioner of CBP (April 5, 2022), https://www.dhs.gov/sites/default/files/2022-07/2022.04.05%20CRCL%20Retention%20Memo%20to%20CBP%20-%20Tactical%20Terrorist%20Response%20Team%20-%20Redacted_508.pdf

[6] Letter of Sen. Ron Wyden to Chris Magnus, Commissioner of CBP (Sept. 15, 2022),https://www.wyden.senate.gov/imo/media/doc/Wyden%20letter%20to%20CBP%20on%20border%20searches%20of%20devices.pdf

## JURISDICTION & VENUE

3.     This Court has subject matter jurisdiction over this action under federal law, including under 28 U.S.C. § 1331.

4.     This Court has authority to issue declaratory and injunctive relief under 28 U.S.C. § 2201 and § 2202, and Rules 57 and 65 of the Federal Rules of Civil Procedure, and the Court's inherent equitable powers.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1)(A) because this action is a civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority and Defendants reside within this judicial district.

6.     Additionally, this judicial district is the better venue for this action for four reasons. First, the issues in this lawsuit are of national importance and any decision will speak to the targeting of United States persons for alleged intelligence gathering and the seizure and handling of confidential information at all international ports of entry.

7.     Second the TTRT, the CBP office which ordered the seizure and databasing of Mrs. Malik's confidential information, is headquartered within this judicial district.

8.     Third, upon information and belief, Mrs. Malik alleges that Defendants have spread her confidential information across the United States and may even have deposited copies on servers within foreign countries. Although the confidential information was seized within the Northern District of Texas, Defendants

forensically examined and copied Mrs. Malik's confidential information within the Southern District of Texas. TRAC, which may have been given a copy of the information is headquartered within the District of Arizona. Amazon Web Services (AWS) GovCloud and Microsoft Azure Government are two of the leading government cloud services. AWS GovCloud maintains governmental data in Ohio and Oregon. Microsoft Azure Government operates maintains governmental data in Arizona and Texas. Both AWS and Microsoft Azure maintain data centers outside the United States.

9.     Fourth, Mrs. Malik does not reside within any of the judicial districts in which DHS or CBP maintains offices. She maintains a residence homestead within the Eastern District of Texas but has been outside the United States for more than two years because of her fear that CBP will physically harm her upon her return unless the unlawfully seized information is expunged.  Her fear is justified because CBP recently handcuffed her attorney in a fashion which was intended to cause him pain upon his arrival to the United States at the Miami International Airport in apparent retaliation for his having sued DHS and CBP over the seizure of his client files.

10.    All administrative remedies are exhausted. No administrative remedies exist for review of the claims made in this Complaint.

## PARTIES

11.    Mrs. Malik is a citizen of the United States. She has remained in Pakistan for more than two years. When she is in the United States, she resides at

3601 Flagstone Dr., Carrollton, Denton County, Texas 75007.

    12.    The DHS is a department of the executive branch of the United States.

    13.    The CBP is an agency within DHS.

    14.    The FBI is a bureau within the DOJ.

    15.    The DOJ is a department of the executive branch of the United States.

    16.    ALEJANDRO MAYORKAS is the Secretary of Homeland Security. He oversees all functions of DHS and its agencies. He is sued only in his official capacity.

    17.    TROY MILLER is the Acting Commissioner of CBP. He oversees all functions of CBP. He is sued only in his official capacity.

    18.    The FBI is an agency within the United States Department of Justice.

    19.    WRAY is the director of the FBI and responsible for all activities of the FBI. He is sued only in his official capacity.

    20.    GARLAND is the Attorney General of the United States. He oversees all functions of the United States Department of Justice, including the FBI. He is sued only in his official capacity.

## FACTUAL ALLEGATIONS

### Relevant Background Information

    21.    Adam Malik is the son of Mrs. Malik, and he also is her attorney. He is referred to herein as the "Attorney."

22.     At all times relevant to these factual allegations, the Attorney has been licensed to practice law by the State of Texas. The Attorney practices primarily United States immigration law and has clients throughout the world. To a lesser extent, the Attorney engages in family, business, and tax law for those living in or doing business within the State of Texas.

23.     On January 3, 2021, the Attorney returned to the United States from a trip abroad at the Dallas-Fort Worth International Airport. CBP officers, including one or more members of the TTRT, detained him and extensively interrogated him about his law practice and clients.

24.     Specifically, the officers interrogated the Attorney about legal representation he had provided and continues to provide to Mrs. Malik and to her business partner (hereinafter, the "Business Partner"). One of the interrogators acknowledged the addresses of the businesses of Mrs. Malik and the Business Partner.

25.     The Attorney provided legal representation to the Business Partner as well as to Mrs. Malik.

26.     Mrs. Malik, the Business Partner, and the Attorney are United States persons for purposes of Title 50 of the United States Code.

27.     The Attorney and his law firm sued the DHS and CBP on their own behalf regarding the seizure of the iPhone containing client information and the CBP Administrative Directive which purports to govern searches of electronic devices at the border. The decision of the district court is pending with the United

States Court of Appeals for the Fifth Circuit in *Malik et al. v. DHS et al*, No. 22-10772.

### The seizure and forensic examination of Mrs. Malik's confidential information that resided on the Attorney's iPhone

28.     During the interrogation of the Attorney, a CBP officer instructed the Attorney to unlock his iPhone and to allow a search of the contents of the iPhone.

29.     CBP has alleged that it desired to review the contents of the Attorney's client files to determine how the Attorney was going to use the visa process to apply for a visa to the United States for the Business Partner.

30.     Because Mrs. Malik and the Business Partner had a common business interest and at times were and are joint clients of the Attorney, the seizure and forensic examination of Mrs. Malik's confidential communications is within the scope of what DHS and CBP desired to examine.

31.     DHS and CBP describe the reason for its review of the confidential information as one of national security.

32.     The Business Partner lawfully resides within the United States, and needs no visa to the United States. CBP may have confused the Business Partner with another person. Or, CBP did not confuse the Business Partner but wanted to review Mrs. Malik's confidential information for another improper reason.

33.     The seizure of the iPhone had nothing to do with any allegation that the Attorney, the Business Partner, or Mrs. Malik had violated the law of any jurisdiction.

34.     The CBP officers' line of questioning of the Attorney and the government's later admission, however, indicate that Mrs. Malik and the Business Partner intentionally were targeted for the purpose of acquiring foreign intelligence information within the scope of the Foreign Intelligence Surveillance Act of 1978, 50 U.S.C. §§ 1801 et seq.

35.     Therefore, upon information and belief, Mrs. Malik alleges that she and the Business Partner were intentionally targeted as United States persons for the purpose of acquiring foreign intelligence.

36.     The Attorney explained to the CBP officer that he could not consent to the search of the iPhone because the information was confidential and protected by attorney/client and work product privileges.

37.     In response to the Attorney's assertion of privilege, the CBP Officer informed the Attorney that DHS was seizing the iPhone and that the digital contents would be searched.

38.     Defendants failed to obtain a warrant to seize and forensically examine Mrs. Malik's confidential information.

39.     Defendants had no reasonable or probable cause to seize and examine Mrs. Malik's confidential information.

40.     The Attorney General did not authorize any emergency acquisition of Mrs. Malik's confidential information.

41.     At the time of seizing the iPhone, CBP officers, including members of the TTRT, knew that the iPhone likely contained confidential communications

between the Attorney and Mrs. Malik and between the Attorney and the Business Partner. And, that confidential and privileged communications and information is exactly what they were hoping to forensically examine.

### The seizure and forensics examination of confidential information that had been downloaded from remote servers to the iPhone for nearly two hours

42.     Upon seizure of the iPhone, Defendants failed to disconnect the iPhone from the internet or the communications network for nearly two hours.

43.     During the approximate two hours after seizure of the iPhone, the iPhone continued to scoop-up automatic downloads of confidential information that was pulled to the iPhone from remote servers in the United States.

44.     Those automatic downloaded consisted of 369 KB of data. Upon information and belief, Mrs. Malik alleges that the scooped-up information includes confidential information of Mrs. Malik.

45.     Defendants failed to ask the Attorney to disable connectivity of the iPhone to the internet or to any network. Had any employee of Defendants offered to permit the Attorney to place the iPhone in airplane mode upon or after seizure of the iPhone, the Attorney would have done so immediately.

46.     Defendants failed to ask the Attorney to disable connectivity of the iPhone with the intention that the iPhone scoop-up confidential information from remote services for warrantless examination by Defendants.

47.     Defendants' actions in delaying disconnecting a seized device from the internet or network to allow the scooping-up of data downloaded after seizure of the device is the equivalent of a pen register and trap and trace device and such actions are unlawful and constitute a criminal offense under 18 U.S.C. § 3121.

48.     CBP maintains a policy regarding placing seized electronic devices in airplane mode or disconnecting seized devices from the internet or any network. According to the published policy

> [t]o avoid retrieving or accessing information stored remotely and not otherwise present on the device, Officers will either request that the traveler disable connectivity to any network (e.g., by placing the device in airplane mode), or, where warranted by national security, law enforcement, officer safety, or other operational considerations, Officers will themselves disable network connectivity. Officers should also take care to ensure, throughout the course of a border search, that they do not take actions that would make any changes to the contents of the device.[7]

49.     In practice, however, some CBP supervisors instruct officers to ignore Directive 5.1.2 and not to put seized electronic devices in airplane mode or disconnect them from the internet or a network until the search of the electronic device is to begin. Such a practice warrantlessly scoops-up communications that is downloaded from remote servers to the electronic devices after seizure of the electronic device, in knowing violation of the Fourth Amendment of the United States Constitution.

50.     By not immediately disconnecting the electronic devices from the internet or network upon seizure, CBP supervisors and officers engage in a

---

[7] Border Search of Electronic Devices, CBP Directive 3340-049A (Jan. 4, 2018).

conspiracy of criminal behavior to violate 18 U.S.C. § 3121 and the Fourth Amendment of the United States Constitution.

### The nature of the seized and forensically examined confidential information

51.    The seized iPhone contained files of 2000 of the Attorney's clients and more than 70,000 emails of communication between the Attorney and his clients. The iPhone also permitted access through the device to additional confidential information of the Attorney's clients, including that of Mrs. Malik.

52.    Mrs. Malik and the Business Partner had a reasonable expectation of privacy in the confidential information that was contained or accessible through the iPhone of the Attorney.

53.    Included in the seized client files are communications between the Attorney and Mrs. Malik comprising part of the legal work that he had performed for her. Such information includes, inter alia, discussions for the preparation of legal documents and advice on tax and immigration law matters, negotiations of business and real property transactions, and structuring of businesses for franchisees. Those communications often were in response to questions of Mrs. Malik that required the application of legal analysis and conclusions to factual scenarios. The Attorney and Mrs. Malik intended that all such information be kept confidential and privileged at the time of making their communications.

13

54.    Included within those communications are draft legal documents and comments of Mrs. Malik on those documents, federal income tax returns of Mrs. Malik, bank statements of Mrs. Malik, financial statements and other confidential accounting information of her businesses, and copies of her immigration documents that she had filed with the United States government and which are maintained within her files with the United States Citizenship and Immigration Services. The Attorney and Mrs. Malik intended that all such information be kept confidential and privileged at the time of making their communications.

55.    Also included are communications between the Attorney and an accountant whom he had hired to assist him with the handling of Mrs. Malik's legal representation. The Attorney, the accountant, and Mrs. Malik intended that all such information be kept confidential and privileged at the time of making their communications.

56.    Some of the communications include discussions relating to the common legal interests of Mrs. Malik and the Business Partner. The Attorney, Mrs. Malik, and the Business Partner intended that all such information be kept confidential and privileged at the time of making their communications.

57.    Also included is information of Mrs. Malik's franchise business. Such information is categorized as trade secrets as the information consists of a formula, pattern, compilation, program, device, method, technique, or process that derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can

obtain economic value from its disclosure or use; and is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. Those trade secrets also are property categories and confidential information between the Attorney and Mrs. Malik. The Attorney and Mrs. Malik intended that all such information be kept confidential and privileged at the time of making their communications.

58.     Some of the communications between the Attorney and Mrs. Malik occurred while both were physically within the United States. Some communications occurred while the Attorney was physically within the United States and Mrs. Malik was physically outside the United States. Some communications occurred while the Attorney and Mrs. Malik were physically outside the United States.

59.     Pursuant to the Foreign Intelligence Surveillance Act of 1978, 50 U.S.C. §§ 1801 et seq., a judicial warrant was required for the seizure and maintenance of such seized confidential information.

**Defendants unlawfully forensically examined the confidential information of Mrs. Malik and unlawfully continue to maintain and expose that confidential information to review by thousands of persons**

60.     The CBP provided the iPhone, which included Mrs. Malik's confidential information, to the FBI and asked the FBI to break into the iPhone and forensically examine the contents, which included Mrs. Malik's confidential information.

61.     Defendants failed to notify Mrs. Malik that it intended to forensically examine her confidential information despite having her address and contact information.

62.     The FBI, at the request of the CBP, broke into the iPhone and forensically examined the contents of the iPhone, including Mrs. Malik's confidential information.

63.     The FBI failed to obtain a warrant to either break into the iPhone or to forensically examine the contents of the iPhone, including Mrs. Malik's confidential information.

64.     The CBP was without lawful authority to seize or forensically examine the iPhone, including Mrs. Malik's confidential information.

65.     The FBI never inquired whether CBP lawfully obtained the iPhone, including Mrs. Malik's confidential information, or lawfully could break into the iPhone or forensically examine its contents, including Mrs. Malik's confidential information.

66.     The FBI had no lawful authority to seize and forensically examine the iPhone, including Mrs. Malik's confidential information.

67.     The FBI made one or more electronic copies of the contents of the iPhone which included Mrs. Malik's confidential information.

68.     The FBI distributed one or more electronic copies of the contents of the iPhone to others outside the FBI, which included Mrs. Malik's confidential information.

69.     CBP maintains one or more copies of the contents of the iPhone which includes Ms. Malik's confidential information. Upon information and belief, Mrs. Malik alleges that such confidential information is within a database that is accessible by about 2,700 employees of DHS as described by Sen. Ron Wyden in his letter of September 15, 2022.

70.     Upon information and belief, Mrs. Malik alleges that CBP provided a copy of her confidential information to one or more governmental or nongovernmental organizations.

71.     CBP provided a copy of her confidential information to another agency within DHS. Upon information and belief, Mrs. Malik alleges that an agency of the DHS maintains that confidential information.

72.     Upon information and belief, Mrs. Malik alleges that her confidential information is exposed to about 2,700 employees of DHS, numerous employees of federal and local governmental organizations, and numerous employees of one or more nongovernmental organizations.

73.     Upon information and belief, Mrs. Malik alleges that her confidential information is unreasonably exposed to potential hackers and misuse as the confidential information is maintained by nongovernmental organizations that have little to no governmental oversight.

**Mrs. Malik has suffered irreparable harm by the seizure and forensics examination of her confidential information and is continuing to suffer irreparable harm by Defendants continuing to maintain and expose that confidential information**

74.    By seizing and examining Mrs. Malik's confidential information that was maintained or accessed through the iPhone or that was downloaded to the iPhone after its seizure, Defendants acted unreasonably, in violation of federal law, and have caused irreparable and proximate harm to Mrs. Malik. Defendants' conduct was done intentionally, with deliberate indifference, or with reckless disregard of Mrs. Malik's constitutional, statutory, and common law rights.

75.    Defendants continue to violate Mrs. Malik's constitutional, statutory, and common law rights by replicating and exposing her confidential information. Her communications with her attorney and documents that she provided him to allow him to render legal advice, and the legal documents that he prepared on her behalf, are privileged and confidential by law.   Her communications and information regarding her franchise business is proprietary to her and confidential as trade secrets and protected by statute and common law. Her immigration documents and federal income tax returns are of a confidential nature. Mrs. Malik has a right for all her confidential information to be protected and not exposed.

76.    Defendants will continue to violate Mrs. Malik's rights unless enjoined from doing so by this Court.

77.    CBP has placed portions of Mrs. Malik's confidential information with misleading and derogatory information in TECS, which is the Treasury Enforcement Communications System.

78.     Upon information and belief, Mrs. Malik alleges that CBP placed that misleading and derogatory information in TECS to harm the Attorney and Mrs. Malik in retaliation for the Attorney having filed suit against CBP over the seizure of his iPhone.

79.     Subsequent to the seizure and forensic examination of Mrs. Malik's confidential information, CBP officers at the Miami International Airport used that misleading and derogatory information in TECS to handcuff and then tightly squeeze those handcuffs on the Attorney for the purpose of causing him physical pain.

80.     Mrs. Malik reasonably is afraid that upon her return to the United States, CBP officers will use the same misleading and derogatory information in TECS to mistreat and to physically harm her unless her confidential information and all references to it are expunged.

81.     Mrs. Malik's fear is even more reasonable after the United States Supreme Court extended immunity from *Bivens* actions to CBP officers in *Egbert v. Boule*, 213 L. Ed. 2d 54, 142 S. Ct. 1793 (2022).

82.     Upon information and belief, Mrs. Malik alleges that DHS and CBP have used the seized confidential information, or references to that information, to cancel the ability of the brother of the Attorney to travel to the United States without a visa.

83.    Upon information and belief, Mrs. Malik alleges that DHS and CBP have used the seized confidential information, or references to that information, to cancel the Global Entry of the Attorney.

## CLAIMS FOR RELIEF

### COUNT I - VIOLATION OF FEDERAL STATUTES
### AND THE FOURTH AMENDMENT
### (UNLAWFUL SEARCH & FORENSICS EXAMINATION
### OF CONFIDENTIAL INFORMATION)

84.    The allegations contained in paragraphs 1 through 83 of this Complaint are incorporated by reference as if fully set out herein.

85.    Defendants violated the Stored Communications Act of 1986 (as amended), the Foreign Intelligence Surveillance Act of 1978 (as amended), and the Fourth Amendment by seizing and forensically examining her confidential information without a warrant or other lawful authority.

86.    Defendants' search and seizure was unreasonable at the inception, and in scope, duration, and intrusiveness and in violation of federal statutes and the Fourth Amendment of the United States Constitution.

### COUNT II - VIOLATION OF FEDERAL STATUTES
### AND THE FOURTH AMENDMENT
### (UNLAWFUL SEARCH AND FORENSIC EXAMINATION OF
### INFORMATION ON SERVERS)

87.    The allegations contained in the preamble and paragraphs 1 through 83 of this Complaint are incorporated by reference as if fully set out herein.

88.     Defendants violated the prohibition on pen register and trap and trace device use under 18 U.S.C. § 3121 and violated the Stored Communications Act of 1986 (as amended), the Foreign Intelligence Surveillance Act of 1978 (as amended), and the Fourth Amendment by searching and forensically examining, without a warrant, Mrs. Malik's confidential information that resided on remote servers at the time of the seizure of the Attorney's iPhone and was downloaded to the iPhone after its seizure.

### COUNT III – VIOLATION OF FEDERAL STATUTES
### AND THE FOURTH AMENDMENT
### (ONGOING VIOLATION)

89.     The allegations contained in the preamble and paragraphs 1 through 83 of this Complaint are incorporated by reference as if fully set out herein.

90.     Defendants continue to violate the prohibition on pen register and trap and trace device use under 18 U.S.C. § 3121 and continue to violate the Stored Communications Act of 1986 (as amended), the Foreign Intelligence Surveillance Act of 1978 (as amended), and the Fourth Amendment by maintaining, distributing, exposing, and risking the exposure of the confidential information of Mrs. Malik without her consent and without a warrant, or other lawful authority.

### COUNT IV – PRELIMINARY INJUNCTION

91.     The allegations contained in the preamble and paragraphs 1 through 83 of this Complaint are incorporated by reference as if fully set out herein.

92.     Mrs. Malik is entitled to a preliminary injunction if she establishes that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable

harm in the absence of preliminary relief, (3) that the balance of equities tips in her favor, and (4) that an injunction is in the public interest. *See Food & Water Watch, Inc. v. Vilsack*, 79 F. Supp. 3d 174, 185 (D.D.C.), *aff'd*, 808 F.3d 905 (D.C. Cir. 2015).

93.    Mrs. Malik has a substantial likelihood of success on the merits of this case. She is a United States person, communicating with other United States persons who was targeted for alleged national intelligence reasons. Such targeting was unlawful and the search of her confidential information was in violation of the Foreign Intelligence Surveillance Act of 1978 (as amended) as well as other statutes addressed herein.

94.    Immediate and irreparable injury, loss, or damage will result to Mrs. Malik prior to judgment unless this Court issues an order that Defendants immediately remove all her confidential information which was seized, wherever located, and to remove all references to her confidential information. The Order of this Court should require that all such confidential information be deposited with this Court under seal and that opposing counsel not be permitted to review the confidential information.

95.    The threatened injury outweighs any harm that the preliminary injunction might cause the Defendants and the injunctive order is in the public interest. The preliminary injunction will preserve the status quo that existed prior to the unlawful seizure of the confidential information.

96.    Additionally, pursuant to 5 U.S.C. § 705 issuance of injunctive relief sought in this case is necessary and appropriate to prevent irreparable injury, to

preserve the Court's jurisdiction, and to preserve the status quo until a final decision on the merits of this case.

## COUNT V - PERMANENT INJUNCTION

97.    The allegations contained in the preamble and paragraphs 1 through 83 of this Complaint are incorporated by reference as if fully set out herein.

98.    Mrs. Malik has suffered and will continue to suffer irreparable injury unless this Court issues a permanent injunction that orders Defendants to (1) Inform Mrs. Malik of the location (by complete address) and nature of all use of her unlawfully seized confidential information wherever located, (2) Identity by name of person, job title, and name of agency, company, organization, or foreign government, every person who has read, handled, or accessed some or all of the unlawfully seized confidential information, (3) Obtain sworn statements from all such persons who have read, handled, or accessed some or all of the unlawfully seized confidential information whether the affiant has transmitted some or all of the information to others, and if so, to identify those other persons by name of person, job title, and name of agency, company, organization, or foreign government, (4) Provide all such sworn statements in unredacted form to counsel for Mrs. Malik, (5) Refrain from providing the unlawfully seized confidential information, or any portion thereof, to any person, agency, company, organization, or foreign government, (5) Erase all references to Mrs. Malik and to the seizure and examination of the unlawfully seized confidential information from TECS and from all other governmental and nongovernmental databases, (6) Securely destroy all

copies of the unlawfully seized confidential information and to provide the manner of destruction to counsel for Mrs. Malik by sworn statement signed by a person who physically performed the destruction.

99.     There are no adequate remedies at law to prevent the irreparable injury to Mrs. Malik. She already has suffered an irreparable injury.  Considering the balance of the hardships between the parties, a remedy in equity is warranted. The public interest would not be disserved by a permanent injunction as requested.

## PRAYER FOR RELIEF

WHEREFORE, Mrs. Malik asks for the following relief as to all counts:

a.     Declare that Defendants violated the rights of Mrs. Malik under federal law and under the Fourth Amendment of the U.S. Constitution as articulated in Counts I through III.

b.     Declare that the seizure and forensic examination of Mrs. Malik's confidential information that resided on the iPhone at the time of its seizure was unlawful under federal law and under the Fourth Amendment of the U.S. Constitution as articulated in Count I.

c.     Declare that the seizure and forensic examination of Mrs. Malik's confidential information that was downloaded from remote servers to the iPhone after the seizure of the iPhone was unlawful under federal law and under the Fourth Amendment of the U.S. Constitution as articulated in Count II.

d.     Declare that the maintenance of Mrs. Malik's confidential information which was unlawfully seized and forensically examined is unlawful under federal

law and under the Fourth Amendment of the U.S. Constitution and constitutes an

ongoing violation of federal law and the Fourth Amendment as articulated in Count

III.

     e.  Issue a preliminary injunction as articulated in Count IV.

     f.  Issue a permanent injunction as articulated in Count V.

     g.  Award Mrs. Malik reasonable attorneys' fees and costs.

     h.  Grant such other or further relief as the Court deems proper.

RESPECTFULLY SUBMITTED,

MALIK & ASSOCIATES, PLLC

/s/ Adam Malik
Adam Malik
Attorney-In-Charge
Texas Bar Number: 24094151
Bar ID: TX0200
Malik & Associates, PLLC
P.O. Box 110251
Carrollton, TX 75011
Tel (214) 881-2100 Fax (469) 262-5800
amalik@malikfirm.com

VERIFICATION

I, Attiya Malik, am the Plaintiff named in this action. I state that I have read the contents of this Original Verified Complaint and I certify that the statements and claims made are true and correct to my knowledge, except as to those statements made on information and belief, and as to those, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _12 - 23 - 2022_

_Attiya Malik_
Signature